UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL E. INMAN, JR.,

    Plaintiff,

    v.                                       CAUSE NO.: 3:18-CV-005-JD-MGG

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Michael E. Inman, Jr., a prisoner without a lawyer, filed a complaint alleging he was raped by a fellow inmate at the Indiana State Prison. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Inman states he was raped by Thomas Holden on September 8, 2017. He says he did not fully realize what happened because he was under the influence of several drugs. He only fully understood what happened four days later when Holden admitted raping him. So on September 13, 2017, he told Officer Johnson (also known as Richardson) and Officer Tyler, that he had been raped. Sometime thereafter, he told

another prison employee, Rhonda Brennan, and medical staff. Inman says none of the prison employees did anything in response. He says medical told him it was too late to use a rape kit to find evidence to substantiate his report.

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). However, when an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . .." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). Here, Inman has not alleged that anyone knew he was in danger of being raped. The complaint does not allege that any defendant knew or could have prevented him from being raped. The complaint describes a tragic and traumatic event, but it does not plausibly allege that any of the defendants violated his constitutional rights or provide a basis for finding that they should be held financially liable to him as a result.

Based on this complaint, it is unclear what, if anything Inman could add to his complaint which would state a claim. Nevertheless, if he has additional facts, he may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, Michael E. Inman, Jr., is GRANTED until March 29, 2018, to file an amended complaint and CAUTIONED if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on February 23, 2018.

        /s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT