UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL E. INMAN, JR.,

    Plaintiff,

    v.

RON NEAL, et al.,

    Defendants.

CAUSE NO.: 3:18-CV-005-JD-MGG

OPINION AND ORDER

Michael E. Inman, Jr., a prisoner without a lawyer, filed a complaint alleging he was raped by a fellow inmate at the Indiana State Prison. However the complaint did not state a claim because when an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . .." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). In his original complaint, Inman did not allege that anyone knew he was in danger of being raped or was deliberately indifferent. Nevertheless, he was granted time to file an amended complaint.

In the Amended Complaint (ECF 5) and Second Amended Complaint (ECF 6), both filed on the same day, Inman argues that prison policy requires guards to patrol the range and inspect cells to insure inmates are safe. He argues if the patrols had been done, he would not have been raped. In addition, he argues it was a violation of policy for him not to have been medically tested when he reported the rape four days after it happened. However, these allegations are also insufficient to state a claim.

"[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). "Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence does not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

Inman still has not alleged that any defendant had any actual knowledge that an attack was either imminent or ongoing. "Prisons are dangerous places." *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991), *abrogated on other grounds by Haley*, 86 F.3d at 640 (7th Cir. 1996).

> Some level of brutality . . . is inevitable no matter what the guards do. Worse: because violence is inevitable unless all prisoners are locked in their cells 24 hours a day and sedated (a "solution" posing constitutional problems of its own) it will always be possible to say that the guards "should have known" of the risk. Indeed they should, and do. Applied to a prison, the objective "should have known" formula of tort law approaches absolute liability, rather a long distance from the Supreme Court's standards in *Estelle* and its offspring.

*Id*. at 348. This is why even general requests for help and expressions of fear are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). ("[L]ack of specificity falls below the required notice an officer must have for liability to attach for deliberate indifference.").

Here, no one (not even Inman) knew he was going to be attacked. Inman has described a tragic and traumatic event, but he has not plausibly alleged any of the defendants violated his constitutional rights.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim.

SO ORDERED on March 12, 2018.

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT